NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7046

LEROY J. RODRIGUE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Virginia A. Girard-Brady, ABS Legal Advocates, P.A., of Lawrence, Kansas, argued for claimant-appellant.

Steven Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee.  On the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Kirk T. Manhardt, Assistant Director, and Tara K. Hogan, Trial Attorney.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Michael G. Daugherty, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7046

LEROY J. RODRIGUE,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-2630, Judge Robert N. Davis

_____

DECIDED:  February 4, 2010

_____

Before GAJARSA, PLAGER, and LINN, Circuit Judges.

GAJARSA, Circuit Judge.

Leroy J. Rodrigue appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a Board of Veterans Appeals ("Board") decision finding that the Department of Veterans Affairs ("VA") has no obligation to provide a medical opinion under 38 U.S.C. § 5103A(d) when the appellant has not satisfied even the low threshold for proof of medical nexus that would mandate a VA medical examination.  Rodrigue v. Peake, No. 06-2630, 2008 WL 5111539, at * 3 (Vet.

App. Nov. 20, 2008). Because Mr. Rodrigue is appealing factual determinations whose review is not within this court's jurisdiction, the appeal is <u>dismissed</u>.

BACKGROUND

Leroy J. Rodrigue served on active duty in the U.S. Air Force from 1963 to 1967. He was stationed at the Ubon Royal Thai Airforce Base in Thailand from June 1966 to February 1967. Mr. Rodrigue contends that he is entitled to service connection for myasthenia gravis and/or sleep apnea on the basis that he was exposed to Agent Orange. While there is presumption of exposure and service connection for veterans who served in Vietnam for certain diseases, the Board found that Mr. Rodrigue was not entitled to such a presumption because he was stationed in Thailand and myasthenia gravis and sleep apnea are not included in the statutory list of diseases. <u>See</u> 38 U.S.C. § 1116(a); 38 C.F.R. § 3.309(e).

In order to establish service connection on the basis of Agent Orange exposure, Mr. Rodrigue was required to provide evidence of direct causation between Agent Orange and myasthenia gravis and/or sleep apnea. <u>See</u> <u>Shedden v. Principi</u>, 381 F.3d 1163, 1167 (Fed. Cir. 2004). While there is no dispute that Mr. Rodrigue currently suffers from myasthenia gravis and is diagnosed with sleep apnea, the Board found that there was no medical or scientific evidence to support causation. Mr. Rodrigue's claim file "contain[ed] a single note from J.C., M.D., in which Dr. C. opined that [Mr. Rodrigue's] autoimmune myasthenia gravis could be the result of toxic or chemical exposure." In denying the claim, the Board found the letter from Dr. C. unpersuasive because (1) the nature of the toxic chemicals was not identified; (2) Mr. Rodrigue has not been shown to have been exposed to toxic chemicals including Agent Orange while

2009-7046                                          2

in service; and (3) Dr. C.'s letter merely speculated that the disorder could be the result of toxic or chemical exposure. Likewise, the Board also denied service connection for sleep apnea based upon a total lack of proof of direct causation because the record did not contain a medical nexus opinion linking Mr. Rodrigue's sleep apnea to alleged Agent Orange exposure. The Veterans Court affirmed, holding that it was unable to conclude that the Board erred in its findings that neither myasthenia gravis nor sleep apnea was "shown to be causally or etiologically related to service or exposure to an herbicide agent." Rodrigue, 2008 WL 51115239 at *3.

On appeal to the Veterans Court, Mr. Rodrigue also argued that the Board erred in denying his request for a VA medical nexus examination under § 5103A(d) because he had submitted lay evidence including numerous articles derived from medical books and the internet regarding the causes, incidences, and risk factors for myasthenia gravis in support of his claim. Under § 5103A(d) (duty to assist claimants), the Secretary must provide a medical opinion when the evidence of record taking into consideration all information and lay or medical evidence (including statements of the claimant):

> (A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and
> (B) indicates that the disability or symptoms may be associated with the claimant's active military, naval, or air service; but
> (C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim.

38 U.S.C. § 5103A(d)(2). In referring to the evidentiary standard under § 5103A(d)(2) for determining whether a disability may be associated with service for purposes of triggering the VA's duty to assist by providing a medical examination, the Veterans Court acknowledged that evidence of such linkage had a "low threshold." Yet the Veterans Court concluded that Mr. Rodrigue's internet treatise evidence was tentative,

insufficient to establish even a credible level of causality, and inadequate to show that an association was even plausible, and as a result, not sufficient to trigger Mr. Rodrigue's entitlement to a VA medical examination under § 5103A(d). Mr. Rodrigue appeals the denial of the medical nexus examination.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002). Under 38 U.S.C. § 7292(a) (2006), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the Veterans Court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

The issue presented here is within the latter proscribed categories listed in § 7292(d)(2). On appeal, Mr. Rodrigue attempts to frame the issue as involving statutory interpretation. He asserts that the Veterans Court imposed a higher evidentiary standard than necessary under § 5103A(d) by requiring him "to submit medical evidence establishing that the claimed disability is actually associated with his military service, and therefore evidence which actually serves to substantiate the claim," as a condition precedent to trigger the VA's duty to assist with providing a medical examination. Mr. Rodrigue incorrectly attributes the Veterans Court's discussion of the insufficiency of the evidence supporting the medical nexus required for service

2009-7046                                  4

connection to his argument that he was entitled to a medical examination. However, Mr. Rodrigue's arguments regarding how the Veterans Court weighed the evidence and facts of his case to arrive at its determination are outside of this court's limited jurisdiction.

The Veterans Court made a factual finding that Mr. Rodrigue had "not satisfied even the low threshold for proof of nexus that would mandate a VA medical examination" under § 5103A(d). Our jurisdiction precludes us from reviewing factual findings or even the application of law to facts. Because Mr. Rodrigue challenges a factual determination, or at most the application of law to the facts, we do not have jurisdiction to review these findings. Accordingly, the appeal is dismissed.

No Costs.